IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COREY, | No. 2:15-CV-1561-GEB-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| GREGORY J. HAGWOOD, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

1  must dismiss an action if the court determines that it lacks subject matter jurisdiction.  Because
2  plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court
3  will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h)(3), the court will also
4  consider as a threshold matter whether it has subject-matter jurisdiction.

5         Plaintiff sues the following: (1) Gregory J. Hagwood; (2) Peter C. Hentschel;
6  (3) Kenneth R. Reynolds; and (4) the County of Plumas.  Plaintiff alleges that defendant
7  Hagwood is the Plumas County Sheriff and that defendants Hentschel and Reynolds "are
8  individuals who participated in the republication and dissemination of the below-referenced
9  defamatory statements with defendant Hagwood."  Plaintiff alleges that defendants are liable for
10 defamation.

11         This court has limited original jurisdiction to hear civil actions arising under the
12 constitution or laws of the United States, see 28 U.S.C. § 1331, as well as civil actions between
13 citizens of different states, see 28 U.S.C. § 1332(a).  Plaintiff alleges a claim under California
14 law for defamation.  Plaintiff does not allege any federal constitutional or statutory claims.  For
15 this reason, the court lacks federal question jurisdiction under § 1331.  Moreover, because all
16 parties are California citizens, this court lacks diversity jurisdiction under § 1332(a).
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

1  Based on the foregoing, the undersigned recommends that this action be dismissed
2  without prejudice to refiling in an appropriate state court of general jurisdiction.

3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court.  Responses to objections shall be filed within 14 days after service of
7  objections.  Failure to file objections within the specified time may waive the right to appeal.
8  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED:  February 23, 2016

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE